# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00338-CR

**Sean Lee McIntosh, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 06-7423-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I agree with the majority that appellant's point of error should be overruled and that the judgment should be affirmed. However, because I believe that appellant's point should be dealt with summarily, I write separately.

I agree that appellant did not preserve error because his objections related to the "scientific validation" of the tests were made only during his voir dire of Santos and were limited to "the scientific relevance and reliability of the science itself." Appellant also failed to object when Santos testified before the jury that three of the four tests had been scientifically validated or to Santos's use of phrases like "standardized tests," "scientifically validated clues," and "recognized tests." I also note that Santos's testimony that the walk-and-turn and one-leg-stand tests had been scientifically validated came during his cross-examination by appellant. In other words, the testimony of which appellant complains was elicited by appellant during his interrogation about Santos's training, knowledge, and understanding of the tests and the science supporting and leading

to their development.[1]  In its condemning of Santos's "repeatedly testifying that the walk-and-turn and one-leg stand tests provide 'validated' or 'scientifically validated' clues of impairment," the majority neglects to observe that such testimony was in large part due to appellant's inquiries and, despite paying passing attention to this Court's opinion in *Taylor v. State*, glosses over the holding in *Taylor* that an officer's use of terms "such as 'test,' 'standardized clues,' 'pass' or 'fail'" does not automatically convert lay testimony into expert testimony requiring expert qualifications. No. 03-03-00624-CR, 2006 WL 1649037, at *12 (Tex. App.—Austin June 16, 2006, pet. ref'd) (mem. op., not designated for publication).  I therefore agree that appellant waived the error he attempts to raise on appeal.

I also agree that any error in the officer's testimony related to the "scientific validation" of the field sobriety tests was harmless in light of the extensive testimonial and videotape evidence.  Because any error was both waived and harmless in light of the evidence, I fail to see the point of conducting a lengthy discussion of whether Santos's testimony was impermissible expert testimony.  Rather than simply noting that the complaint was waived and, even if both preserved and erroneous, harmless, the majority insists on carrying through an analysis to find error, only then noting its waiver and harmless nature.  Further, I do not agree that Santos's testimony, which was elicited by appellant, clearly overstepped the boundary between proper lay-witness testimony and improper expert testimony.

---

[1]  The testimony of which he complains was almost entirely elicited by appellant himself through questions such as, "The only three recognized tests that are scientifically validated are the horizontal gaze nystagmus, the walk and turn and the one leg stand, correct?" and, "That's what you were taught, correct?  That they were scientifically validated, correct?"  Further, nowhere during his cross-examination into Santos's opinion about the scientific validation of the tests did appellant object and raise the complaint he raises on appeal.

Because I do not agree that Santos's testimony was clearly improper, much less with the purely academic exercise of conducting an analysis to reach that conclusion in the first place, I concur in the conclusion of the majority rather than joining the opinion as a whole.

_____

David Puryear, Justice

Filed:   February 4, 2010

Do Not Publish